**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CR. NO. 19-422 (RJL)(DAR)** |
| | : | |
| **WILLIAM SMITH,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(2)(A), 18 U.S.C. § 3142 (d)(1)(A)(ii) and 18 U.S.C. § 3142 (f)(1)(D) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

## I. Procedural History

At the initial appearance on January 6, 2020, the government orally moved for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, which was granted by the Court. The Court set a detention hearing for Thursday, January 9, 2020.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). The parties may proceed by way of proffer and hearsay is permitted. Id.;

United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).  Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use."  United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992).   A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery.  Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.  *See* 18 U.S.C. § 3142(g).  A review and understanding of the facts and circumstances in this case causes the government to ask the Court to conclude that there is no condition or combination of conditions that would assure the appearance of the defendant as required or the safety of the community. Therefore, the defendant should be detained. *See* 18 U.S.C. § 3142(e)(1).

   A.   **Nature and Circumstances of the Offenses Charged**

On January 14, 2008, the defendant was sentenced to ten (10) months of imprisonment in relation to a conviction for Attempted Distribution of Cocaine in D.C. Superior Court Case No. 2007 CF2 21262.  On June 11, 2019, the U.S. Parole Commission revoked the defendant's supervision and he was sentenced to seven (7) months in jail. The defendant was allowed to complete the end portion of his sentence at Hope Village Residential Reentry Center.

On November 14, 2019, the defendant was released from Cumberland Federal Correctional Institution to travel to Hope Village Residential Reentry Center. Specifically, the defendant was released to report to Hope Village at 2:30 p.m. and was due to arrive at Hope Village by 7:00 p.m., the same day. The defendant never reported to Hope Village and has been in abscondence since the date of his furlough. Therefore, upon information and belief the defendant remains under sentence in underlying case.

As set forth fully above, the first factor, the nature and circumstances of the offense charged, clearly weighs in favor of detention. Here, a grand jury found probable cause to believe that the defendant escaped from the custody of the Bureau of Prisons. The nature of this offense weighs heavily in favor of detention.

### B.  Weight of the Evidence Against the Defendant

The evidence against the defendant is quite strong. As set forth above, the defendant knowingly and willingly failed to report to the residential reentry center at any time, in violation of the terms of his furlough. The defendant knew about the rules and requirements related to his furlough to and residency at the residential reentry center because he signed documentation agreeing to the placement and memorializing his understanding on the Furlough Application – Approval and Record. The defendant also signed the required Conditions of Furlough form.

### C.  The Defendant's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of the detention. The defendant's criminal history includes the following prior convictions:

- Possession of a Controlled Substance - Cocaine (Washington, D.C., 2012)
- Attempted Distribution of a Controlled Substance – Cocaine (Washington, D.C., 2008)

- Attempted Possession of a Controlled Substance – Cocaine (Washington, D.C., 2006)

- Distribution of Cocaine (Washington, D.C., 1996)

- Attempted Distribution of Cocaine (Washington, D.C., 1992)

- Attempted Possession of Cocaine (Washington, D.C., 1989)

- Carrying a Dangerous Weapon, Second Degree Theft, Bail Reform Act Violation – Misdemeanor (Washington, D.C., 1989)

The government submits that the defendant should not be released.

### D.    Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. Though the charged offense here is Escape from Custody, the government notes that at the time of his arrest, the defendant was under order of the court to complete a sentence in relation to a felony offense involving his attempt to distribute a controlled substance. The government further notes that the defendant has a history of committing similar offenses. Given the defendant's contacts with the criminal justice system, the nature of the defendant's most recent sentence, and the length of time that the defendant has been in abscondence, the defendant should be held without bond pending trial.

### E.    There is No Condition or Combination of Conditions that Would Ensure the Defendant's Appearance or Compliance with Court-Ordered Release Conditions

The defendant's criminal history and instant arrest warrant pre-trial detention. The government's evidence, the defendant's bench warrant history as well as his poor performance on supervision strongly support the argument that the defendant will continually circumvent the Court's efforts to reasonably control his behavior through conditions of release and keep the

community safe.

### III.  Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

                                            Respectfully submitted,

                                            JESSIE K. LIU
                                            UNITED STATES ATTORNEY
                                            D.C. Bar No. 472-845

By:        /s/
                LISA NICOLE WALTERS
                D.C. Bar No. 974-492
                Assistant United States Attorneys
                555 Fourth Street, N.W., Fourth Floor
                Washington, D.C. 20530
                Telephone: (202) 252-7499
                E-mail: Lisa.Walters@usdoj.gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Carlos Vanegas via the Electronic Case Filing (ECF) system, this 8th day of January, 2020.

                                            /s/
                                            Lisa N. Walters
                                            Assistant United States Attorney